DUPLANTIER, District Judge,
Dissenting:
I respectfully dissent. The majority opinion affirms the summary judgment entered against plaintiff on the sole basis that plaintiff did not timely file a denial of the following request for admission: “You owe the taxes reflected on the Proof of Claim attached hereto as Government Exhibit 1.”
Rule 36(a) of the Federal Rules of Civil Procedure permits the service by one party upon the other of a “written request for the admission ... of the truth of any matters within the scope of Rule 26(b)(1)[1] set forth in the request that relate to statements or opinions of fact or of the application of law to fact....” Whatever “any matters ... that relate to statements or opinions of fact or of the application of law to fact” may mean, it is beyond the intent of the Rule to countenance a request for admission such as the one by the I.R.S., which can be paraphrased: “Admit that we win the case.”
Clearly, Rule 36 can be used to request admissions of fact which effectively dispose of all of the issues in a case, with the result that the propounding party would be entitled to summary judgment in the absence of a denial. But the request at issue was not that plaintiff admit any facts, but that he admit that he owed the taxes which in his complaint he denied owing.
Clearly, Carney displayed a complete lack of diligence in failing to respond to the request that he admit that he owed the taxes at issue and in failing to move to withdraw the admission pursuant to Rule 36(b). Such conduct on the part of an attorney is not to be condoned. However, Carney made it clear to ‘the trial court *423 throughout the proceedings that he never intended to give up his claim that the income tax deductions disallowed by the I.R.S. were in fact genuine and lawful. Indeed, as foot-noted by the majority, the court had before it Carney’s affidavit containing specific factual allegations to support his contention that the partnerships were not merely sham tax shelters but instead were operating entities. Had Carney been given the opportunity to do so and had he succeeded in proving those allegations he likely would have obtained the judgment he sought. Under such circumstances, dismissal of his suit is a draconian penalty for failure to file another denial that he owed the taxes.
Plaintiff’s various other written submissions pending at the time summary judgment was entered should have been construed as a request to withdraw the deemed admission that his claim lacked merit. His affidavit evidence submitted in response to the motion for summary judgment created genuine issues of material fact sufficient to defeat that motion. I would reverse the summary judgment and remand.

. Rule 26(b)(1) permits discovery regarding any matter relevant to the claim or defense of any party.